UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH JOHNSON,<br><br>    Petitioner,<br><br>  v.<br><br>K. ALVEY,<br><br>    Respondent. | No. 1:18-cv-03192-TWP-MPB |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Kenneth Johnson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as BTC 18-06-0200. For the reasons explained in this Entry, Mr. Johnson's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B. The Disciplinary Proceeding**

On June 15, 2018, Sgt. S. Patrick wrote a conduct report in case BTC 18-06-0200 charging

Mr. Johnson with offense A-123, Body Fluid and Fecal Waste. The conduct report stated:

> On 6/15/2018 at Appx. 4:30 PM offender Johnson 988475 urinated and defecated out of the bottom of the RHU-Holding Cell while on constant observation, after previous bodily fluid he had put under the door was cleaned up. Offender Johnson 988475 clearly placed urine and feces in a location unintended for the hygienic disposal of body waste.

Dkt. 9-1.

> Code A-123 prohibits:
>
> Placing body fluid or fecal waste in a location unintended for the hygienic disposal of body fluid or fecal waste and/or placing body fluid or fecal waste in a location with the intent that another person will touch or otherwise come in contact with the body fluid or fecal waste. The word "body fluid" as used here has the same definition as set forth in Indiana Code 35-45-16-2.

Dkt. 9-6 at 1.

On June 19, 2018, the screening officer advised Mr. Johnson of his rights. Dkt. 9-2. Mr. Johnson refused to be screened or sign either the conduct report or the screening form regarding his offense. Dkts. 9-1, 9-2, 9-7, 9-8. The screening officer entered a denial, assigned a lay advocate, and requested a full hearing without waiving notice. Dkt. 9-2. Mr. Johnson was given a copy of the Report of Conduct. Dkt. 9-1.

On June 21, 2018, the disciplinary hearing officer (DHO) held a hearing. Dkt. 9-3. The DHO noted that Mr. Johnson refused to be present at the hearing. *Id*. Correctional Officers confirmed Mr. Johnson's refusal to attend the hearing. Dkts. 9-3, 9-7, 9-8, 10. The DHO considered staff reports and the statement of the offender in reaching his decision on the charge, Dkt. 9-3. The DHO found Mr. Johnson guilty of violating Rule A-123, explaining: "The DHO has reviewed the conduct report and finds that it supports the charge of 123-A." *Id*. Mr. Johnson was sanctioned with the deprivation of 180 days of earned credit time. *Id*.

At the time of Mr. Johnson's screening, he was classified as Mental Health Code A. Dkt.

9-2. Code A means Mr. Johnson suffered from no mental illness and was of sound mind. Dkts. 9-7, 9-8, 10. Mental health staff were notified of the proceedings before screening and had not changed his classification. Dkt. 9-2.

Mr. Johnson appealed to the facility head on June 26, 2018. He raised the issue of being incompetent to understand and exercise his rights. Dkt. 9-4. The reviewing officer denied the appeal noting that Mr. Johnson refused to be screened and was not denied his rights. *Id.* Mr. Johnson then appealed to the Appeal Review Officer, who also denied his appeal. Dkt. 9-5. This habeas action followed.

**C.    Analysis**

Mr. Johnson alleges that his due process rights were violated in the disciplinary proceeding. His claims are: 1) he was never screened; 2) he was denied the opportunity to attend the hearing; 3) the DHO erred in stating that he considered Mr. Johnson's statement; and 4) the DHO failed to consider the fact that Mr. Johnson was on constant observation/suicide watch at the time of the incident. Dkt. 2.

In support of three of Mr. Johnson's claims, he argues that he did not refuse to be screened and to attend the hearing. Rather, he was on suicide watch and was incompetent and this should have been taken into account. He argues that he was not aware of the proceedings. He further argues that he was not properly evaluated at Branchville Correctional Facility, where the incident occurred. Dkt. 15.

No evidence that was presented to the DHO indicates that Mr. Johnson was incompetent or that he was on suicide watch. Mr. Johnson was in a restricted housing (RHU) holding cell, dkt. 9-1, but there is no indication as to why he was there. The respondent asserts that restricted housing can be used for any need to separate an offender from the general population. Dkt. 9 at 9. The

record establishes that at the times of the incident, screening and hearing, Mr. Johnson's mental health status was a Code A, which meant that he was not suffering from mental illness. Dkts. 9-2, 9-7, 9-8, 10. Even if there were a due process violation in this regard, Mr. Johnson has not presented any evidence of prejudice. In other words, he has not stated that he did not commit the offense. Absent a showing of prejudice, any potential due process error would have been harmless. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011).

Although Mr. Johnson did not assert his remaining claim in his administrative appeals, the Court has determined that it is more judicially efficient to discuss it on the merits rather than review the procedural default defense. *See Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018) ("Rather than work our way through the maze of these procedural arguments, however, we think it best to cut to the chase and deny [the petitioner's] due process claim on the merits.").

It is true that the DHO checked the box that he considered the "statement of offender" on the Report of Disciplinary Hearing, and that Mr. Johnson did not make a "statement" at the hearing. Dkt. 9-3. In the DHO's written reason for his decision, however, he noted that he "has reviewed the conduct report and finds that it supports the charge of a 123-A." *Id*. In other words, the evidence relied on was the conduct report. "The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). There was no due process error in this regard.

Under these circumstances, there were no violations of Mr. Johnson's due process rights.

D.  **Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Johnson to the relief he seeks. Accordingly, Mr. Johnson's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   8/23/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KENNETH JOHNSON
988475
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov